UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **WENDELL DWAYNE O'NEAL** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA** ) <br> **and NANCY A. BERRYHILL,** ) <br> ) <br> **Defendants.** ) | Civil Action Number <br> **5:19-cv-00458-AKK** |

## MEMORANDUM OPINION

Wendell Dwayne O'Neal, proceeding *pro se*, commenced this action against the United States of America and Nancy A. Berryhill, the acting commissioner of the Social Security Administration (the "Commissioner"), based on allegations that the defendants have wrongfully withheld disability benefits he is entitled to receive and refused to respond to his Freedom of Information Act ("FOIA") requests. Doc. 1. This is the second time O'Neal's claims have come before this court; O'Neal filed a previous action that the court dismissed without prejudice for lack of subject matter jurisdiction. *See* docs. 47 and 48 in Case No. 5:18-cv-00479-TMP. Based upon purportedly newly discovered evidence, O'Neal has filed this new lawsuit, and has moved for leave to proceed *in forma pauperis*. *See* doc. 3. Consistent with its obligation to review the complaint of plaintiffs moving for

leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2), the court finds that it does not have subject matter jurisdiction over O'Neal's claims related to his request for disability benefits and damages, that O'Neal cannot state a viable FOIA claim against the United States, and that O'Neal's FOIA's claim against the Commissioner is moot. As such, O'Neal's claims are due to be dismissed without prejudice.

**I.     STANDARD OF REVIEW**

A federal district court "'should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). "If the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In addition, district courts are required to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous when "it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or "when it appears that 'the legal theories are indisputably

meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. Appx. 858, 859-60 (11th Cir. 2008) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

## II.  Procedural and Factual Background

Before turning to O'Neal's claims and pending motions, the court first addresses the procedural history of this action. O'Neal filed his first application for supplemental security income ("SSI") in 1995, which did not result in an award of benefits. *See* doc. 1 at 1. O'Neal filed a second application for SSI in 1999. *Id.* at 4-5. An ALJ denied O'Neal's 1999 application, and the appeals council denied review. Doc. 41-1 in Case No. 5:18-cv-00479-TMP at 3.[1] O'Neal filed a third application for SSI on November 21, 2001, which the SSA granted. *Id.* at 3, 7.

In 2005, long after filing the third application, O'Neal initiated an action in this court appealing the decision denying his 1999 application. *Id.* at 3. *See also* doc. 1 in Case No. 2:05-cv-02127-VEH. Because the Commissioner was unable to locate the claim file for the original hearing on the 1999 SSI application, Judge Virginia Emerson Hopkins remanded the action to the Commissioner for reconstruction of the administrative record. Doc. 41-1 in Case No. 5:18-cv-00479-TMP at 7; Docs. 6 and 7 in Case No. 2:05-cv-02127-VEH.[2] Ultimately, after a

---

[1] O'Neal incorporates the SSA's supplemental declaration, doc. 41-1 in Case No. 5:18-cv-00479-TMP, into his complaint, doc. 1 at 3, n.9.

[2] The court may properly "take judicial notice of a 'document filed in another court . . . to establish the fact of such litigation and related filings' . . . ." *Grayson v. Warden, Comm'r,*

3

new hearing in December 2007, an ALJ granted O'Neal's 1999 application for SSI, finding O'Neal disabled and awarding him retroactive benefits from September 14, 1999, the date of his second application. Doc. 41-1 in Case. No. 5:18-cv-00479-TMP at 10, 15-16. In reaching that decision, the ALJ gave great weight to Dr. Kessler, a medical expert who testified at the December 2007 hearing, and who opined that O'Neal's depression with psychotic features meets the criteria of Section 12.03 of the Listing of Impairments. *Id.* at 16.[3] Thereafter, Judge Hopkins affirmed the decision awarding benefits, and entered the decision as a final judgment pursuant to Rule 58. Doc. 12 in Case. No. 2:05-cv-02127-VEH. O'Neal did not appeal the court's judgment.

In January 2018, the SSA notified O'Neal that it was conducting a continuing disability review to redetermine O'Neal's eligibility for SSI, and O'Neal appealed the SSA's decision. *See* doc. 1 at 6-7. O'Neal contends that he learned about his October 1995 application for benefits during a phone call with an SSA employee on February 22, 2018. Doc. 1 at 9, 13. Based on that discovery,

---

*Alabama Dept. of Corr.*, 869 F.3d 1204, 1225 (11th Cir. 2017) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

[3] In reaching her decision, the ALJ also considered, among other evidence, a traffic crash report, a psychological assessment, and medical reports. *See* doc. 41-1 in Case No. 5:18-cv-00479-TMP at 19. However, the ALJ noted that a medical expert who testified at the original hearing in 2000, who presumably considered those records from 1994 and 1995, found O'Neal's limitations to be less severe than Dr. Kessler did because that expert's "opinion was rendered without the benefit of records of [O'Neal's] treatment after October 5, 2000 . . . ." *See id.* at 16. Accordingly, the ALJ's decision granting O'Neal's 1999 application does not indicate that the SSA should have been found O'Neal disabled in 1995.

4

O'Neal filed a "renewed back pay petition" with the SSA on March 1, 2018, which the SSA refused to process. *Id.* at 7, 9, 11. O'Neal alleges that the SSA "ignored multiple petitions for reconsideration and administrative hearings regarding back pay." *Id.* at 9-10. Allegedly, a SSA employee told O'Neal that the SSA had denied his 1995 application, he "does not qualify for back pay," and his claims regarding the application were untimely. *Id.* at 11. Subsequently, O'Neal filed a motion for relief in his 2005 action in this court, arguing that he is entitled to relief from the judgment affirming the award of benefits as of September 14, 1999, because the Commissioner misrepresented the date of his first application for benefits. Doc. 13 in Case No. 2:05-cv-02127-VEH. Judge Hopkins denied the motion as untimely. Doc. 20 in Case No. 2:06-cv-02127-VEH. O'Neal then filed a new lawsuit in this court, asserting claims against the Commissioner under the FTCA and FOIA. Docs. 1 and 9 in 5:18-cv-00479-TMP. As mentioned above, Magistrate Judge T. Michael Putnam dismissed that action for lack of subject matter jurisdiction. Docs. 47 and 48 in 5:18-cv-00479-TMP.

## III. ANALYSIS

### A. <u>Claims Related to Social Security Benefits</u>

O'Neal generally alleges that the defendants wrongfully concealed his first application for social security benefits, which he filed in October 1995, and thereby withheld "back pay" he should have received when the SSA approved his

5

1999 application for benefits. *See* doc. 1. O'Neal further alleges that the SSA refused to process his March 2018 petition for "back pay," or respond to his requests for reconsideration and administrative hearings and his "Petition for Response to Exhaust Administrative Remedies under the FTCA." *Id.* at 7-12, 14. Based on those allegations, O'Neal asserts claims under the FTCA for negligence, misrepresentation, fraudulent concealment, and negligent training and supervision. *See id.* at 2-3, 8, 13-14. For his relief, O'Neal seeks payment of social security benefits beginning from October 1995, monetary damages, and an order directing the SSA to correct findings regarding when his disability began. Doc. 1 at 18.

O'Neal's claims relating to his request for "back pay" clearly arise from the Social Security Act (the "Act"). But, as Judge Putnam explained in his opinion dismissing O'Neal's prior claims:

> The [Act] limits the extent to which the court may review decisions that arise under the Act. 42 U.S.C. § 405(g). The Act provides that a party may seek judicial review of a "final decision of the Commissioner of Social Security" in the District Court within 60 days. [*Id.*] The Act further clarifies that § 405(g) is the sole mechanism under which the court has jurisdiction to review claims that arise under the Act. *See* 42 U.S.C. § 405(h); *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1985). Specifically, the Act forbids any action brought under 42 U.S.C. § 1331 for any claims arising under the Act. 42 U.S.C. § 405(h). The Supreme Court has found that the "arising under language in § 405(h) is very broad and 'extends to any 'action' seeking 'to recover on any Social Security Claim' . . . ." *Weinberger v. Salfi*, 422 U.S. 749, 762 (1975). This precludes claims brought under the Federal Tort Claims Act ("FTCA") where the civil action operates as an attempt to obtain Social Security benefits. *Raczkowski v. U.S.*, 138 F. App'x 174, 174-75 (11th Cir. 2005) (holding that pro

se plaintiff's attempt to bring suit under the FTCA for the denial of SSI benefits was barred by 42 U.S.C. § 405).

Doc. 47 in Case No. 5:18-cv-00479 at 11-12.

Thus, because O'Neal is attempting to obtain disability benefits, § 405(h) prohibits the court from exercising jurisdiction over O'Neal's FTCA claims. *See* 42 U.S.C. § 402(h); *Raczkowski*, 138 F. App's at 175. As a result, the court must dismiss O'Neal's FTCA claims for lack of subject matter jurisdiction.

In addition, to the extent that O'Neal asserts his claims related to his social security benefits under 42 U.S.C. § 405(g), he has not alleged that he is appealing a final decision of the Commissioner within the time frame allowed by the Act. *See* doc. 1. On the contrary, O'Neal alleges that the SSA has refused to process his petitions for "back pay" or rehearing related to his 1995 application. *Id.* at 1, 7, 9-14. But, the court finds nothing within § 405(g) that could allow it to exercise jurisdiction over a claim based on the alleged refusal to process such petitions. *See* 42 U.S.C. § 405(g). Moreover, as Judge Putnam aptly noted, "[p]lainly, the time for properly litigating [O'Neal's 1995] application is long gone." Doc. 47 in Case No. 5:18-cv-00479-TMP at 13, n.6. In addition, if O'Neal disputed the Commissioner's decision finding him disabled as of September 14, 1999, the time to raise that issue would have been in an appeal of this court's April 26, 2012 order affirming the Commissioner's decision. The time for filing such an appeal has passed, and O'Neal cannot relitigate the claims in this action.

For the foregoing reasons, the court does not have subject matter jurisdiction over O'Neal's claims related to his social security benefits, back pay petition, or the alleged wrongful concealment of his 1995 application. Those claims are due to be dismissed without prejudice pursuant to Rule 12(h)(3).

### B. FOIA Claims

O'Neal also asserts FOIA claims against the defendants, seeking production of records of his October 1995 application for benefits. Doc. 1 at 15-18.[4] FOIA requires a federal agency to make records available to the public upon request, subject to certain exceptions. 5 U.S.C. § 552(a); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989). After receipt of a FOIA request, an agency has twenty business days to determine whether to comply with the request and to notify the person making the request of the agency's decision. 5 U.S.C. § 552(a)(6)(A)(i). If the individual appeals the decision, the agency has twenty business days to respond. *Id.* at § 552(a)(6)(A)(ii). After the appeal, the individual may seek judicial review of an adverse decision, and federal district courts have jurisdiction to order an agency to produce improperly withheld records. *Id.* at § 552(a)(4)(B). But, "FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal court." *Taylor v. Appleton*, 30 F.3d

---

[4] FOIA does not provide for the award of any monetary damages. *Cornucopia Inst. v. United States Dep't of Agric.*, 560 F.3d 673, 675 n.1 (7th Cir. 2009) ("Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief."). Accordingly, to the extent that O'Neal seeks to recover monetary damages for the SSA's alleged FOIA violations, the claims are due to be dismissed.

1365, 1367 (11th Cir. 1994) (citations omitted). "FOIA provides for two different types of exhaustion, actual and constructive. Actual exhaustion occurs when the agency denies all or part of a party's document request," while constructive exhaustion occurs when the agency does not respond within the time frame required by the statute. *Id.* Finally, the court's "[j]urisdiction under [FOIA] is based upon the plaintiff's showing that an agency has improperly withheld agency records." *Brown v. U.S. Dept. of Justice*, 169 F. App'x, 537, 540 (11th Cir. 2006) (citing *Kissinger v. Reporters Comm. For Freedom of the Press*, 445 U.S. 136, 150 (1980)).

As an initial matter, no FOIA provision allows O'Neal to assert a claim against the United States for a federal agency's alleged failure to provide documents in response to a FOIA request. *See* 5 U.S.C. § 552(a). Thus, O'Neal's FOIA claim against the United States is due to be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

As for the Commissioner, O'Neal asserts that the SSA refused to process his requests for records related to his 1995 application for disability benefits, or to provide written responses to his requests. Doc. 1 at 1, 15-17. In other words, O'Neal is proceeding on a constructive exhaustion theory. To that end, O'Neal alleges that the SSA received multiple requests for records in February 2018, and the SSA has not responded to those requests and has refused to conduct reasonable

searches or produce records of his 1995 application. Doc. 1 at 15-17. *See also* doc. 2 at 12-23. For his relief, O'Neal demands that the Commissioner produce electronic records evidencing his 1995 application. Doc. 1 at 17-18. However, Kelli Booth, the Operations Supervisor at the SSA's Huntsville, Alabama District Office, has declared that "District Office personnel printed all electronic records available that [O'Neal] wanted, including applications, denials and favorable decisions." Doc. 36-3 in Case No. 5:18-cv-00479-TMP at 2.[5] Moreover, Booth declared that "SSA records indicate that [O'Neal's] claims folder for the period before 2001 was lost." *Id.*[6] Accordingly, as Judge Putnam found, O'Neal's FOIA claim against the Commissioner appears to be moot. *See* doc. 47 in Case No. 5:18-cv-00479-TMP at 17.

O'Neal attempts to avoid that conclusion by alleging that Booth's declaration contains material misrepresentations, that SSA personnel did not provide him with all electronic records available, including a record of his 1995 application, and that he would have relied on the 1995 application to support his

---

[5] The court may consider Booth's declaration because O'Neal refers to it in his Complaint, it is central to O'Neal's FOIA claim, and its authenticity is not in dispute. *See* doc. 1 at 16, n. 19. *See also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

[6] In accordance with 44 U.S.C. § 3303a, the SSA is authorized to "[d]elete/destroy claim file records 5 years after the Agency's final denial or termination decision" regarding SSI claims based on disability. *See* SSA's Request for Records Disposition Authority at p. 9, available at https://www.archives.gov/files/records-mgmt/rcs/schedules/independent-agencies/rg-0047/n1-047-05-001_sf115.pdf.

back pay petition if the SSA had provided it to him. Doc. 1 at 16-17. O'Neal raised those allegations in his prior case, by contending that Booth "maliciously misrepresented" that the SSA provided an electronic record of O'Neal's 1995 application, and that O'Neal would have filed the application if the SSA had provided him with a record of it. Doc. 38 in Case No. 5:18-cv-00479-TMP at 6-7, 16. Judge Putnam rejected those contentions in finding that O'Neal's FOIA claim was moot, *see* doc. 47 in Case. No. 5:18-cv-00479-TMP at 16-17, and O'Neal does not allege any additional facts in this case to suggest that Judge Putnam's decision was in error, *see* doc. 1. Moreover, O'Neal does not challenge Booth's statement that O'Neal's claims folder for the period before 2001 is lost, and O'Neal's conclusory allegation that Booth's declaration misrepresented material facts is not entitled to a presumption of truth, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citations omitted). Accordingly, the court finds that O'Neal has not plausibly alleged that the SSA improperly withheld records relating to his 1995 application, and O'Neal's FOIA claim against the Commissioner is moot. *See Brown*, 169 F. App'x at 540 (citing *Lovell v. Alderete*, 630 F.2d 428, 430-31 (5th Cir. 1980)). As a result, the court does not have jurisdiction over the claim, and it is due to be dismissed without prejudice. *See id.* at 539 ("'Because the question of mootness is jurisdictional in nature, it may be raised by the court sua sponte . . .

.'") (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005)).

## IV. CONCLUSION

For the foregoing reasons, this action is due to be dismissed without prejudice. Accordingly, O'Neal's motions for leave to proceed *in forma pauperis*, doc. 3, and for leave to file supplemental exhibits, doc. 6,[7] are due to be denied as moot.

**DONE** the 30th day of May, 2019.

*[signature: Abdul Kallon]*

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[7] In addition, none of the exhibits O'Neal seeks to file relate to the claims he asserts in this action. *See* doc. 6-1.